IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOHNATHAN W. FRANCKEWITZ,** | * | |
| Plaintiff | * | |
| v. | * | Civ. No. DLB-24-3126 |
| **VIAPATH TECHNOLOGIES,** | * | |
| Defendant | * | |

**MEMORANDUM OPINION**

On October 25, 2024, Johnathan Franckewitz filed a complaint, ECF 1, and a motion to proceed in forma pauperis, ECF 2, which the Court now grants. Franckewitz also filed two motions to subpoena evidence, ECF 4 and 5, which are denied. For the reasons discussed below, Franckewitz's complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Franckewitz, an inmate confined at the Maryland Reception Diagnostic Classification Center ("MRDCC"), filed this complaint pursuant to 42 U.S.C. § 1983 against Viapath Technologies ("Viapath"), a company that provides electronic tablets to the prison for use by inmates. He complains that, after a three-day WiFi outage, Viapath did not compensate him for his loss of WiFi, despite its policy to do so. ECF 1, at 4. He also alleges that Viapath provides "two totally different models of tablets" to MRDCC, the 5081G model, which does not "allow access to iHeartRadio, nor does it provide a Radio app.," and the newer TG0813 model, which does. *Id*. at 4–5. Franckewitz states that his TG0813 model tablet was replaced with the older 5081G tablet, and as a result he lost access to iHeartRadio and a Radio app. *Id.* He views this as discrimination because some prisoners have the 5018G model and others have the TG0813 model.

While 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this Court without prepaying the filing fee, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii). A claim "is frivolous where it lacks an arguable basis either in law or in fact . . . ." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by* 28 U.S.C. § 1915 *on other grounds*; *Brett v. Lewis*, No. ELH-17-3813, 2018 WL 461414, at *1 (D. Md. Jan. 18, 2018).

The United States Code provides a federal cause of action for any individual who believes a state actor has deprived them of a constitutional right. *See* 42 U.S.C. § 1983; *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 707 (1999). The statute "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Two elements are essential to state a claim under § 1983: (1) the plaintiff must have suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation must have been committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[A] person acts under color of state law 'only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk Cty. v. Dodson*, 454 U.S. 312, 317–18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "[P]rivate activity will generally not be deemed state action unless the state has so dominated such activity as to convert it to state action: Mere approval of or acquiescence in the initiatives of a private party is insufficient." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009) (citations and internal quotation marks omitted).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

Franckewitz does not allege that a person who is a State actor deprived him of anything to which he is entitled under the Constitution or federal law. There is no constitutional right to possess a tablet for access to radio programs. There is no allegation that the temporary loss of WiFi or the lack of access to Franckewitz's preferred apps has in anyway impacted upon a constitutional right. Franckewitz's conclusory assertion that the more limited services of his tablet in comparison to other inmates' tablets is "discriminatory" does not raise his claim beyond mere speculation.

Further, a private corporation that provides technology support to a correctional facility, as the named defendant does, is not a State actor. "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). While it is the ordinary practice to permit a pro se plaintiff to amend a complaint that erroneously names the wrong party as a defendant but otherwise raises a colorable claim, this

complaint does not raise a colorable claim and any amendment will not cure the deficiencies presented.

Plaintiff is forewarned that his ability to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim while he is incarcerated. *See* 28 U.S.C. § 1915(g).

By separate Order that follows, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (ii) for failure to state a claim.

November 26, 2024
Date

Deborah L. Boardman
United States District Judge